IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIKE TURNER, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | Case No. 04-12294-PBS |
| | ) | Judge Saris |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | |
| | ) | |
| ANDREW J. FILIPOWSKI, MICHAEL P. CULLINANE, PAUL L. HUMENANSKY, TOMMY BENNETT, JOHN COOPER, JAMES E. COWIE, MICHAEL H. FORSTER, ARTHUR W. HAHN, THOMAS J. MEREDITH, J. KEVIN NATER and JOHN RAU, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
RECONSIDERATION OF REMAND**

Pursuant to the Court's Order, plaintiff hereby respectfully requests this Court to reconsider the motion to remand this action back to Illinois state court.[1]

## I.     INTRODUCTION AND OVERVIEW

This action was originally filed in the Circuit Court of Cook County, Illinois on behalf of Mike Turner as plaintiff in a securities class action against certain officers and directors of divine, inc. ("divine") for violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act") in connection with divine's October 2001 acquisition of eshare Communications ("eshare") and divine's July 2002 acquisition of Delano Corporation ("Delano") (hereinafter collectively referred to as the "Acquisitions").[2] By the plain language of Section 22(a) of the 1933 Act, such claims when filed alone are not removable.[3]

Nonetheless, on October 29, 2003, defendants removed this action to federal court under 28 U.S.C. §1452(a), the bankruptcy removal statute, on the theory that it was "related to" the bankruptcy of non-defendant divine.[4]  In accordance with Illinois law, removal was improper and

---

[1]  As remand means to "send back" and not "send elsewhere," this Court should remand this case to the Illinois State Court where  the action was initiated.  *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985). *See also Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 271 (3d Cir. 2002) (holding that a district court does not have the authority under 28 U.S.C. §1452(b) to remand a case to any court other than the state court where it originated); *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002) (holding that remand was proper to the state court where the action originated).

[2]  Plaintiff's complaint alleges only strict liability and negligence claims concerning false and misleading statements of material fact and omissions of material facts in the Joint Registration Statements/Proxy Statements (collectively, the "Registration Statements") issued to the shareholders of Delano and eshare.  Plaintiff seeks damages on behalf of himself and all similarly situated class members who were injured due to the purchase of divine securities issued pursuant to and traceable to the materially false and misleading Registration Statements utilized in connection with the Acquisitions.  divine is not a party to this action.

[3]  Section 22(a) of the 1933 Act provides for "concurrent" state court jurisdiction of 1933 Act suits and expressly states that "**no case arising under this subchapter and brought in any State court ... shall be removed to any court of the United States**."  15 U.S.C. §77v(a) (here, as throughout, all emphasis is deemed added and all citations are deemed omitted unless otherwise stated).

[4]  On November 26, 2003, plaintiff filed a motion to remand, which was not decided upon by the Illinois District Court, as that court instead transferred this case to this Court pursuant to 28 U.S.C. §1412.  Thus, this will be the first time that a court has ruled upon this issue.

this case should be immediately remanded back to Illinois state court.[5]

Specifically, as stated in the recent case of *Ill. Mun. Ret. Fund v. Citigroup, Inc.* ("*IMRF*"), No. 03-465-GPM, 2003 U.S. Dist. LEXIS 16255 (S.D. Ill. Sept. 9, 2003), the express non-removability provision for 1933 Act claims trumps §1452, the bankruptcy removal statute.[6]  On this issue, the *IMRF* court, in remanding an improperly removed case, stated:

> Absent some argument that Plaintiff's claim relates to the bankruptcy proceeding in the Southern District of New York, it was properly filed in Illinois state court, and it belongs in a Illinois state court - a venue which certainly has an interest in resolving matters concerning state [residents].   Defendants are attempting to facilitate the transfer of these actions to the Southern District of New York in a clear case of forum shopping.  This Court is mindful of the Seventh Circuit's admonition that "the use of the Bankruptcy Code to obtain a favorable forum should not be encouraged."  *In re United Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997).  And the transfer of these actions would, according to Plaintiff, extinguish Plaintiff's right to meaningfully participate in the proceedings.  Accordingly, under principles of permissive abstention and equitable remand, remand is appropriate.

*Id.* at *9-*10.  Thus, this Court should follow this precedent and remand this action back to Illinois state court.[7]  Any other interpretation of the statutes at issue would cause the statutes to conflict and

---

[5]  This Court must follow Illinois law in deciding this motion because in cases "where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).

[6]  In fact, most courts that have addressed this issue found that standalone, non-removable claims, including 1933 Act claims, do not become removable under §1452 simply because a non-party has filed for bankruptcy.  However, one decision to the contrary regarding the removal of standalone, non-removable claims was rendered by the Honorable Denise L. Cote, United States District Court Judge for the Southern District of New York, in connection with a remand motion filed by the New York City Employees' Retirement System in a WorldCom action.  *In re WorldCom Sec. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003).  However, that decision is not binding under governing Illinois law.  In fact, the decision is completely at odds with the decision in *IMRF*.

[7]  Likewise, while not controlling, this Court may look to the following cases for guidance: *City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*, No. CV:03-BE-0994-S, 2003 WL 22697225, at *3, *5 (N.D. Ala. Aug. 12, 2003) (remand granted as §22 is a special statute, that expressly prohibits removal and takes precedence over general removal statutes 28 U.S.C. §§1334(b) and 1452, and another reason existed for remand because the case was not "related to" WorldCom's bankruptcy); *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 3:03-0128, 2003 WL 22190841, at *3 (M.D. Tenn. May 9, 2003) ("the relevant rule of statutory construction requires that Section 22(a), as amended, control over 28 U.S.C. §1334(b) and 1452, general statutes, that were also enacted earlier"); *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 3:03-0128, 2004 U.S. Dist. LEXIS 24043, at *19 (M.D. Tenn. Oct. 8, 2004) ("'Section 22(a) is a clear statutory prohibition' to removal'"); *Ret. Sys. of Alabama v. Merrill Lynch & Co.* ("*RSA I*"), 209 F. Supp. 2d 1257 (M.D. Ala. 2002) (favoring remand where federal jurisdiction is not absolutely clear); *McRae v. Lykes Bros. S.S. Co.*, No. 98-3240, 1998 WL 898467, at *1 (E.D. La. Dec. 21, 1998) (express non-removal provision of Jones Act overrides claim of "related to" jurisdiction under §1334 and remand granted because no federal court jurisdiction); *Kinder v. Wis. Barge Line, Inc.*, 69 B.R. 11 (E.D. Mo. 1986) (same); *see also Ariail*

would thwart the intent of Congress to preserve a litigant's access to a state court forum.

Moreover, even if "related to" jurisdiction somehow trumps the express non-removability provision of the 1933 Act, remand is proper as this action is not "related to" the bankruptcy of non-defendant divine.[8]  *IMRF*, 2003 U.S. Dist. LEXIS 16255 at *7 ("Even if the Court were to find the claim removable, however, the claim is not 'related to' the [third-party] WorldCom bankruptcy and cannot be removed under Section 1452.").  *See also Steel Workers Pension Trust v. Citigroup, Inc.*, 295 B.R. 747, 753 (E.D. Pa. 2003) (case remanded for lack of "related to" jurisdiction, holding that the "action has no effect on the ... bankruptcy").  *See also Ret. Sys. of Ala. v. J. P. Morgan Chase & Co.* ("*RSA II*"), 285 B.R. 519, 531 (M.D. Ala. 2002) (remand was appropriate because the basis for jurisdiction under §§1334 and 1452 was "tenuous at best").[9]

Also, the Court should abstain from hearing this matter under §1334(c) and equity, and return it to its proper state court forum.  *See IMRF*, 2003 U.S. Dist. LEXIS 16255 at *9-*10.  In light of the fact that defendants' claims for indemnification and contribution are worthless, defendants' attempt to remove this case based on §1452 and defeat plaintiff's choice of forum is simply unfair and should not be permitted.

In essence, the defendants have succeeded in prying this case out of Illinois state court and transferring it to Massachusetts, a venue more convenient to them.   The defendants' desire for convenience, delay and tactical advantage, however, is no justification for this Court to override a clear federal statutory scheme, which expressly makes 1933 Act claims non-removable.  Simply put, plaintiff is entitled to litigate this case in Illinois state court.  The fact that a non-defendant, divine, is involved in bankruptcy proceedings in Massachusetts should not alter this right.

---

*Drug Co., Inc. v. Lease Partners Corp.*, No. 96-G-0708-S, 1996 WL 1060890, at *5 (N.D. Ala. May 23, 1996) (§11 case "nonremovable by force of statute" and defendants' "related to" claims rejected and remand granted).

[8]  "The Seventh Circuit takes a narrow view of 'related to' jurisdiction – a dispute is 'related to' a bankruptcy only when it 'affects the amount of property available for distribution or allocation of property among creditors.'"  *IMRF*, 2003 U.S. Dist. LEXIS 16255 at *7 (citing *In re Xonics*, 813 F.2d 127, 131 (7th Cir. 1987)).

[9]  The court in *RSA II* was following its own published opinion where it sent many of the same defendants back to state court when they tried the same procedural shenanigans in a case involving Enron.  *See RSA I*, 209 F. Supp. 2d 1257.

## II.     THIS ACTION SHOULD BE REMANDED

### A.     The Court Must Strictly Construe the Removal and Jurisdiction Statutes in Favor of Remand

Illinois courts have a clear "standard for dealing with whether a case, once removed, may remain in the federal courts." *Katonah v. USAir, Inc.*, 868 F. Supp. 1031, 1033 (N.D. Ill. 1994). Indeed, a "district court must jealously guard its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction." *Id.* In accordance with this policy, defendants bear the burden of establishing federal jurisdiction to overcome the strong presumption against removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* §3739, at 424 (3d ed. 1998). In *Jacobson v. Ford Motor Co.*, No. 98 C 742, 1999 WL 966432, at *2 (N.D. Ill. Sept. 30, 1999), the court stated, "[t]he burden of establishing jurisdiction ... falls on the party seeking removal." A removed case must be remanded if "the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c).

This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also Shalabi v. Huntington Nat'l Bank*, No. 01 C 2959, 2001 WL 777055, at *1 (N.D. Ill. July 11, 2001); *Jacobson*, 1999 WL 966432 at *2; *Hammond v. Kunard*, 889 F. Supp. 1084, 1088 (C.D. Ill. 1994), *aff'd sub nom. Hammond v. Clayton*, 83 F.3d 191 (7th Cir. 1996). Federal courts possess only that power prescribed by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377; *Hammond*, 889 F. Supp. at 1088. As Justice Brennan once stated, "'the prudent course for a federal court that does not find a clear congressional intent to create removal jurisdiction will be to remand the case to state court.'" *Wolens v. Am. Airlines, Inc.*, No. 88 C 8158, 1988 WL 116828, at *2 (N.D. Ill. Oct. 25, 1988) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 68 (1987)).

Furthermore, this Court must strictly construe removal jurisdiction, resolving all doubts in favor of remanding the action to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Doe*, 985 F.2d at 911 ("Courts should interpret the removal statute narrowly and presume

that the plaintiff may choose his or her forum.  Any doubt regarding jurisdiction should be resolved in favor of the states."); *Fournier v. Lufthansa German Airlines*, 191 F. Supp. 2d 996, 1000 (N.D. Ill. 2002) ("The removal statute should be construed narrowly, and any doubts about jurisdiction should be resolved in favor of remand."); *Jacobson*, 1999 WL 966432 at *2 ("Courts presume that a plaintiff's choice of forum is proper and valid and resolve doubts about jurisdiction in favor of remand."); *5757 N. Sheridan Rd. Condo. Ass'n v. Local 727 of the Int'l Bhd. of Teamsters*, 864 F. Supp. 74, 76-77 (N.D. Ill. 1994) (same).  Also, all ambiguities must be "resolved against removal when doubt exists as to jurisdiction."  *Katonah*, 868 F. Supp. at 1033.

### B.    Plaintiff's §§11, 12(a)(2) and 15 Claims Are Non-Removable

In 1933, Congress enacted the 1933 Act – the first of the federal securities laws to protect investors.  15 U.S.C. §§77 *et seq*.  In so doing, Congress expressly authorized aggrieved investors to bring claims under the 1933 Act in either state or federal court.  An investor's choice of forum was of paramount concern to Congress at the time.  In fact, Congress expressly refused to allow defendants to disturb a defrauded investors' choice of forum and specifically excepted 1933 Act claims from provisions allowing removal.  Section 22(a) of the 1993 Act, at the time it was enacted, read as follows:

> [N]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. §77v(a) (May 27, 1933, c. 38, Title I, §22, 48 Stat. 86).  As the 1933 Act made clear, there were no exceptions for removal.  *Id*.  Damaged investors, including a plaintiff alleging §§11, 12 and 15 claims, were entitled to file their lawsuits in state court and to have that choice of forum honored.

Sixty-five years later, Congress again addressed the removability of claims brought under the 1933 Act.  In 1998 (14 years after Congress enacted the bankruptcy removal provision that the Illinois District Court relied on to transfer this matter to this Court), Congress enacted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") which curtailed securities class action suits in state courts but specifically continued to prohibit removal to federal court of individual actions alleging only 1933 Act claims.  Congress amended the statute to add only one exception for certain class actions:

> ***Except as provided in section 77p(c)***, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. §77v(a). Section 77p(c) permits the removal of "class action[s] based upon the statutory or common law of any State." 15 U.S.C. §77p(b), (c). In this case, plaintiff has filed a complaint alleging only federal law claims. Therefore, since this action is not based on state law, §77p(c) does not apply.

The plain language of the amendment shows that Congress intended to leave a 1933 Act plaintiff's choice of forum largely undisturbed. Congress expressly reaffirmed and preserved the right of plaintiff to continue to bring individual, non-class suits under the 1933 Act in state court without facing removal. *See* 15 U.S.C. §77v(a). Relying on the non-removability of their 1933 Act claims, plaintiff filed this action in state court. However, the defendants removed this case pursuant to 28 U.S.C. §§1334 and 1452, claiming that the case was "related to" divine's bankruptcy proceedings.[10]

As shown *supra*, many courts have held that a standalone, non-removable claim is not removable under §1452. *IMRF*, 2003 U.S. Dist. LEXIS 16255 (1933 Act claim not removable); *Tenn. Consol. Ret. Sys.*, 2003 WL 22190841 (same); *Kinder*, 69 B.R. at 13 (Jones Act claim not removable under §1452); *McRae*, 1998 WL 898467 at *1 (same); *see also Ariail Drug*, 1996 WL 1060890.

In *WorldCom*, however, Judge Cote denied plaintiffs' remand motions by focusing on the fact that §1452 does not contain an exception for removal of 1933 Act claims. 293 B.R. at 328-29. Also,

---

[10] 28 U.S.C. §1452(a) provides:

> A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. §1334 provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

instead of substantively addressing the three cases that had, at the time, squarely confronted this very issue, Judge Cote relied on *Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020 (2d Cir. 1984), and *U.S. Industries, Inc. v. Gregg*, 348 F. Supp. 1004 (D. Del. 1972), in an attempt to justify removal. *WorldCom*, 293 B.R. at 329-30. However, *Gonsalves* and *U.S. Industries* address the interplay of otherwise non-removable claims, the Jones Act and the 1933 Act, and 28 U.S.C. §1441(c), which specifically permits the removal of ***otherwise non-removable claims*** when ***joined*** with separate and independent claims or causes of action which are removable. 28 U.S.C. §1441(c) states:

> Whenever ***a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined*** with one or more otherwise non-removable claims or causes of action, ***the entire case may be removed*** and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

These cases are clearly not on point since plaintiff asserts only 1933 Act claims which could not be removed under §1441(c) because they were not joined with any removable claim. *Gonsalves*, 733 F.2d at 1026; *U.S. Indus.*, 348 F. Supp. at 1013. ***In fact, the courts in both Gonsalves and U.S. Industries recognized that standalone 1933 Act claims were not removable***. *Gonsalves*, 733 F.2d at 1025-26; *U.S. Indus.*, 348 F. Supp. at 1013.[11]

Judge Cote also ignored the fact that §22(a) not only existed prior to the passage of §1452, but survived the passage of SLUSA in 1998, which revised it to create but a single exception to its non-removability language. There is no reason to believe Congress did not mean what it says when it originally made, and substantially kept, 1933 Act claims non-removable. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 381-82 (1982) (Congress' "comprehensive reexamination and significant amendment [to the commodities exchange act] ... is itself evidence

---

[11] Only two district courts have actually considered the removability of a §11 claim, which is joined with claims that are otherwise removable under §1452. In *Ariail Drug*, the district court remanded the §11 claim to state court, despite the fact that it was joined with claims that were otherwise removable under §1452, because the §11 claim was not "separate and independent," as required for removal under 28 U.S.C. §1441(c). 1996 WL 1060890 at *4. In *Pacific Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. SA CV 03-813-GLT (ANx), 2003 WL 22025158 (C.D. Cal. June 30, 2003), the district court denied a motion to remand a §11 claim, which was joined with six state law causes of action. The *Pacific Life* decision principally relies on Judge Cote's decision, which was based, in large part, on *Gonsalves* and *U.S. Industries*. Here, however, plaintiff has alleged non-removable claims under the 1933 Act. Therefore, *Pacific Life*, where plaintiffs alleged multiple causes of action – only one of which was non-removable – is inapplicable. Judge Cote's decision remains the only authority for the proposition that a single, non-removable cause of action is removable.

that Congress affirmatively intended to preserve [the existing law]."); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99 (2003) (Congress's failure to include certain language in the Civil Rights Act of 1991, which followed the Civil Rights Act of 1964, is "significant" and reflects the fact that Congress could have made certain changes but did not). The Supreme Court precedent clearly provides that a specific statute (§22(a)) controls over the general statute (§1452) "'***without regard to priority of enactment***.'" *Bulova Watch Co. v. United States*, 365 U.S. 753, 758 (1961). *See also Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976) ("'a specific statute will not be controlled or nullified by a general one'"). Therefore, even if §1452 was enacted after SLUSA, it would not control because it is a general statute and §22(a) is a specific statute. *See, e.g., Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976) ("In a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies.").

Therefore, the statutory scheme demonstrates that §22(a), as amended, trumps the removability provisions of the earlier enacted §1452(a) – and not vice versa. Importantly, as noted *supra*, the court in *IMRF* found "that the rules of statutory construction require Section 22(a) to control over the more general provisions of 28 U.S.C. §§1334(b) and 1452." *IMRF*, 2003 U.S. Dist. LEXIS 16255 at *6. Indeed, it was precisely this reasoning that Judge Haynes also followed in *Tenn. Consol. Ret. Sys.*, 2003 U.S. Dist. LEXIS 22190841. Judge Haynes held that, "Section 22(a), as amended, control[s] over 28 U.S.C. §1334(b) and 1452, general statutes, that were also enacted earlier." *Id.* at *3. Judge Haynes specifically rejected Judge Cote's analysis, in part, because Judge Cote incorrectly concluded that §1452 was enacted after "'Section 22 became law.'" *Id.* at *3 n.2. As Judge Haynes correctly noted, "[i]n this Court's view, SLUSA, a 1998 statute amending the 1933 Act, is the relevant comparative statute, not the original 1933 Act." *Id.* Judge Haynes recognized the obvious; in 1998, Congress reaffirmed the non-removability of 1933 Act claims for all but one (inapplicable) situation.

Accordingly, it is clear that where a standalone claim that might be removable under one provision of the federal removal statutory scheme is made expressly non-removable by another provision of that statutory scheme, ***the express non-removability provision controls***. *McRae*, 1998 WL 898467 at *1 (express non-removal provision of Jones Act overrides claim of "related to"

jurisdiction under §§1334, 1452 and remand granted because no federal court jurisdiction); *Kinder*, 69 B.R. 11 (same); *see also Ariail Drug*, 1996 WL 1060890 at *5 (§11 case "nonremovable by force of statute" and remand granted for §1452 removal). Otherwise, the various federal removal statutes would conflict, could not be harmonized and the intent of Congress to preserve a litigant's access to a state court forum would be thwarted.

By reason of the foregoing, plaintiff's case should be remanded. If there is doubt, those doubts should be resolved in favor of the party seeking remand. *See Shamrock*, 313 U.S. 100; *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991).

C.     **Assuming §§11, 12(a)(2) and 15 Claims Are Removable, Which They Are Not, This Case Is Not "Related to" the divine Bankruptcy and Cannot Be Removed Under §1452**

Assuming for the sake of argument that the §§11, 12(a)(2) and 15 claims are removable, this case still must be remanded because it is not "related to" the divine bankruptcy. divine is not a party to this action, and none of the defendants have filed for bankruptcy. Rather, the removing defendants claim that at some point in the future divine "may" owe the defendants money under an indemnification agreement or a claim for contribution. They argue that these potential claims make plaintiff's action "related to" divine's bankruptcy because it could have some effect on the bankruptcy estate.

Under defendants' theory of removability under §1452, any potential claim by a party against a debtor, no matter how speculative, unliquidated or immaterial, would be sufficient to warrant removal to federal court of a non-removable §§11, 12, or 15 claim and transfer to the bankruptcy court. This is neither the law nor is it an accurate reflection of the true facts surrounding the defendants' potential claims.

1.     **This Case Is Not "Related to" the divine Bankruptcy**

The key issue in determining whether removal under 28 U.S.C. §1452 is proper, is whether a matter is, in fact, "related to" a pending bankruptcy action. In defining "related to," the Seventh Circuit has adopted a substantially more narrow interpretation of the relevant statutes "to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts." *In re Fedpak Sys.*, 80 F.3d 207, 214 (7th Cir. 1996). Under this narrow interpretation, this action should

be remanded because plaintiff has not sued divine. *IMRF*, 2003 U.S. Dist. LEXIS 16255 at *7.[12]

Nearly every court that has considered this issue has begun its inquiry with an analysis of the decision in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984). Under *Pacor*, "related to" jurisdiction arises when the outcome of the purportedly related case "could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 994 (emphasis omitted). However, the *Pacor* court qualified this seemingly broad language by recognizing "[o]n the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [former] section 1471(b)." *Id.* The court also noted "[t]he jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not without limit, however, and there is a statutory, and eventually constitutional, limitation to the power of a bankruptcy court."[13] *Id.* The United States Supreme Court agrees, noting the general acceptance of *Pacor* and concurring with its finding that "a bankruptcy court's

---

[12] Also, to meet the "related to" test of 28 U.S.C. §1334(b) in the Seventh Circuit, "the effect on the bankruptcy estate must be ***material***." *In re Green*, 210 B.R. 556, 560 (Bankr. N.D. Ill. 1997). "***The mere possibility of some effect from an indemnification claim is not enough*** to pose 'related to' jurisdiction." *Id*. (collecting cases); *In re Mgmt. Control Sys., Inc.*, 242 B.R. 658, 661 (Bankr. S.D. Ind. 1999) (same) (citing *In re Spaulding & Co.*, 111 B.R. 689 (Bankr. N.D. Ill.), *aff'd*, 131 B.R. 84 (N.D. Ill. 1990)). Thus, in the Seventh Circuit, the defendants' potential indemnity claims, on their face, are not "material" to the divine bankruptcy estate.

[13] *Pacor* involved a claim for damages by plaintiff Higgins arising out of work-related exposure to asbestos. *Pacor*, 743 F.2d at 986. Pacor, Inc. was an original named defendant and impleaded Johns-Manville Corporation who it claimed was the original manufacturer of the asbestos. *Id.* Johns-Manville subsequently filed chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. *Id.* The court in which the original action was filed eventually severed the Higgins-Pacor action from the Pacor-Manville action. *Id.* As the Higgins matter was approaching trial, Pacor filed a Petition for Removal seeking to remove the entire Higgins-Pacor-Manville controversy to federal bankruptcy court. *Id.*

The District Court, finding that the Higgins action was not "related to" the Manville bankruptcy despite Pacor's potential claim for indemnity from Manville, remanded the case to state court. *Id.* at 995. The Third Circuit Court of Appeals affirmed the District Court's ruling on the grounds that a judgment against Pacor in the Higgins action "could not give rise to any ***automatic liability*** on the part of the [Manville] estate." *Id.* The court reasoned:

> At best, one could say that a judgment against the plaintiff on the primary claim would make absolutely certain that the Manville estate could never be adversely affected. ***This does not prove the converse, however, that a judgment in favor of the plaintiff Higgins necessarily does affect the estate***.

*Id.* The Third Circuit also pointed out that (1) judicial economy does not justify federal jurisdiction; and (2) since Manville was not a party to the Higgins-Pacor lawsuit, it could not be bound by *res judicata* or collateral estoppel; Manville would still be entitled to litigate any issue in response to a claim by Pacor. *Id.*

'related to' jurisdiction cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).

In rejecting the defendants' identical argument that their indemnification and contribution claims were "related to" the Enron bankruptcy under 28 U.S.C. §1334(b), the *RSA I* court looked to the broad standard adopted by the Third Circuit in *Pacor*, which held that a case is "related" where "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *RSA I*, 209 F. Supp. 2d at 1265 (emphasis omitted; quoting *Pacor*, 743 F.2d at 994).[14] The court in *RSA I* stated that the majority of courts utilizing the *Pacor* test have held that actions between non-debtors that may give rise to potential indemnity claims against a bankruptcy estate are not sufficiently "related to" bankruptcy to support jurisdiction under §1334(b). *RSA I*, 209 F. Supp. 2d at 1266 (collecting cases) (citing *Wise v. Travelers Indem. Co.*, 192 F. Supp. 2d 506, 514-17 (N.D. W. Va. 2002); *In re Asbestos Litig.*, No. 01-1790-PA, 2002 WL 649400, at *4 (D. Or. Feb. 1, 2002); *Armstrong v. Honeywell Int'l, Inc.*, 198 F. Supp. 2d 899, 900 (S.D. Tex. 2002); *In re VideOcart, Inc.*, 165 B.R. 740, 744 (Bankr. D. Mass. 1994); *Da Silva v. Am. Sav.*, 145 B.R. 9, 12 (S.D. Tex. 1992)).

The *RSA I* court noted that even with the expansive *Pacor* interpretation of "related to," "there is some uncertainty with respect to the viability of these potential claims," and predicted a dubious future for them. *RSA I*, 209 F. Supp. 2d at 1267. Ultimately, the *RSA I* court found it was "unclear" whether the claims could have a "conceivable" effect, and used the determination as one of the many reasons to send the case back to Alabama state court. *Id*.

Recently, the Third Circuit clarified its *Pacor* decision in *Federal-Mogul*, 300 F.3d 368. The *Pacor* test for "related to" jurisdiction was in turn clarified further by the United States District Court for the Eastern District of Pennsylvania, which is within the Third Circuit, in the matter of *Steel Workers*, 295 B.R. 747. Noting that defendants in similar subsequent cases had clung to the language of *Pacor* that "related to" jurisdiction is proper when "'the outcome of [the related] proceeding could ***conceivably*** have ***any effect*** on the estate being administered in bankruptcy,'" the

---

[14] Note, the Seventh Circuit "has expressly rejected [the *Pacor* test adopted by a number of circuit courts and Judge Cote] as overly broad." *Green*, 210 B.R. at 560 (finding that an indemnification claim under "letter of credit" was not related) (citing *Fedpak*, 80 F.3d at 214). If claims are not "related to" under the *Pacor* test, they certainly are not "related to" under the Seventh Circuit's standard.

court in *Federal-Mogul* wrote:

> Their reading of the word "conceivable" ignores the precise holding of *Pacor* where, despite the seemingly broad language of the opinion, we found no "related to" jurisdiction for the Higgins lawsuit against Pacor because the outcome of that lawsuit could not result "in even a contingent claim" against the debtor (Manville); rather, "***an entirely separate proceeding to receive indemnification***" ***would have been required***.

*Federal-Mogul*, 300 F.3d at 381-82.  The court continued:

> The test articulated in *Pacor* for whether a lawsuit could "conceivably" have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding ***without the intervention of yet another lawsuit***.

*Id.* at 382.

Further clarifying the rule for finding "related to" jurisdiction as promulgated in *Pacor* and clarified in *Federal-Mogul,* the court in *Steel Workers* emphatically stated:

> If there was any doubt about the application of the *Pacor* test, it was dispelled in *Federal-Mogul* when the Third Circuit rejected the implication that indemnification agreements *a fortiori* established "related to" jurisdiction.

*Steel Workers*, 295 B.R. at 752.  The court echoed the *Pacor* and *Federal-Mogul* holdings, reiterating:

> Where the right to indemnification is ***contingent on a factual finding*** in the action not involving the bankruptcy debtor and requires the commencement of another lawsuit to establish that right, there is no effect on the bankrupt estate.

*Id.* at 750; *accord City of Birmingham*, 2003 WL 22697225 at *5 (holding that "[u]ntil defendants actually file suit and obtain a favorable judgment, the potential indemnity claims against WorldCom have ***no effect*** on the bankruptcy estate").

The *Steel Workers* court distinguished the two cases upon which the defendants in that case relied (which found "related to" jurisdiction) on the grounds that both cases involved defendants whose claims for indemnity arose "***automatically***" and "***immediately*** upon the filing of the lawsuit against the party entitled to indemnification from the bankruptcy estate."  295 B.R. at 751. Specifically, the *Steel Workers* court distinguished *Belcufine v. Aloe*, 112 F.3d 633 (3d Cir. 1997), on the grounds that the indemnification agreement in that case provided for indemnification ***regardless of liability*** and *In re Brentano's, Inc.*, 27 B.R. 90 (Bankr. S.D.N.Y. 1983), on the grounds that the guarantee agreement at issue which was executed in lieu of a security deposit and which was

- 12 -

made in connection with a lease created a right to indemnity *automatically*. 295 B.R. at 751-52. Therefore, the court held, "because the bankrupt debtor's indemnification liability was *immediate*, the bankruptcy estate was effected and gave rise to 'related to' jurisdiction." *Id.* at 752-53.

The Seventh Circuit Court of Appeals addressed this issue in *Fedpak*, with the same result. Consistent with both *Federal-Mogul* and *Steel Workers*, the Seventh Circuit adopted a far more limited application of the "related to" test than the original broad language in *Pacor*. "We have interpreted 'related to' jurisdiction narrowly 'out of respect for Article III'... as well as to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts." *Fedpak*, 80 F.3d at 214 (citing *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989); *In re Kubly*, 818 F.2d 643, 645 (7th Cir. 1987) ("the 'limited jurisdiction' of the bankruptcy court 'may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute'")).

The Seventh Circuit recognized that "related to" jurisdiction can only exist when the dispute at issue affects the amount of property in the bankruptcy estate. *Fedpak*, 80 F.3d at 213-14. Finding that the outcome of the litigation at issue in *Fedpak* would only create a "hypothetical" or "speculative" affect on the bankruptcy estate, the court wrote:

> *It is by no means certain* that an order clarifying the respective rights of Polar Express and Jones will have any effect whatsoever on the bankruptcy estate.

*Id.* at 214.

In the instant action, defendants' right to indemnity did not arise automatically upon the filing of this action. Rather, indemnity is contingent upon factual determinations of their right to be indemnified. Specifically, the indemnification agreement in this case requires, *inter alia*, a finding that the defendants acted in "good faith," Article XII, ¶1, and only "if it shall ultimately be determined" that they are in fact "entitled to be indemnified by the Corporation," under Article XII. Article XII, ¶4. Consequently, the affect on the bankruptcy estate is only "hypothetical," "speculative" and "is by no means certain" under the holding of *Fedpak*. Consequently, "related to" jurisdiction does not exist in this case.

Moreover, as a Delaware corporation, divine's power to indemnify defendants is governed by 8 Del. Code §145, which also conditions indemnification on factual findings. Like the divine

Articles, §145 requires as a prerequisite to indemnification that the defendants prove they acted in good faith and that they did not act contrary to the best interests of the corporation. 8 Del. Code §145(a)-(d). Importantly, §145 explicitly provides, as do the Articles, that the outcome of the action which gives rise to the claim for indemnity does not create a presumption or conclusively determine whether or not these conditions have been satisfied. 8 Del. Code §145(a)-(d); Articles, ¶1. In fact, §145(d) reads:

> Any indemnification ... shall be made by the corporation only as authorized in the specific case **upon a determination** that indemnification of the present or former director, officer, employee or agent is **proper in the circumstances because the person has met the applicable standard of conduct** ....

8 Del. Code §145(d).

Therefore, defendants must demonstrate that they are not simply "hypothetically" entitled to indemnification. By the plain language of the Articles and §145, indemnification is contingent and therefore merely hypothetical. In order for defendants to show otherwise, their right to indemnification must have accrued immediately upon the filing of this action regardless of whether they acted in bad faith or contrary to the best interests of divine. The plain language of both the indemnity agreement and §145 clearly does not provide for indemnity if defendants are found to have acted in bad faith or if other circumstances cause defendants to fall outside of the purview of the agreement. In other words, the indemnity agreement clearly allows divine to deny defendants indemnification under certain circumstances. As such, defendants' right to indemnification is only hypothetical; it is contingent upon the outcome of an entirely separate proceeding that must make such a determination in order for those purported rights to vest.

Directly on point is the finding in *Steel Workers* in which the court examined the applicable indemnity agreement. In finding that the debtor agreed to indemnify the defendants in that case "**only if certain conditions are satisfied**," the *Steel Workers* court held there was no federal jurisdiction. *Steel Workers*, 295 B.R. at 753. In ruling that, as a matter of law, these indemnification agreements did not confer "related-to" jurisdiction, *Steel Workers* explained that WorldCom's liability was "not automatic" and "before an indemnification claim arises, there must be a fact

finding process which results in a determination favorable to the defendants." 295 B.R. at 753.[15] The same analysis holds true in the instant case. Defendants may be indemnified only following a subsequent separate proceeding which determines whether defendants satisfied the conditions precedent to their right to indemnification.

Thus, because defendants' potential indemnification and contribution claims, even if not subordinated in bankruptcy, would require separate legal action, they will have no effect, conceivable or otherwise, on divine's estate. Therefore, this case should be remanded to state court because it is not "related to" the divine bankruptcy proceedings.

### 2.    The Indemnification Claims Are Void as a Matter of Law and Along with the Contribution Claims, Do Not Confer Jurisdiction

Even if the defendants' potential indemnification claims were "related to" divine's bankruptcy under Seventh Circuit law, they could not support removal because they would be unenforceable as a matter of law, impermissibly "contingent" under the bankruptcy code and wholly without merit.

Defendants are prohibited from obtaining indemnity because they have violated federal securities laws. *See Globus v. Law Research Serv., Inc.*, 418 F.2d 1276, 1288 (2d Cir. 1969) (finding that allowing such indemnification "would encourage flouting the policy of the common law and the Securities Act"). Indeed, there is a "long line of cases which hold that a defendant in a securities fraud action is prohibited from availing himself of indemnification." *See*, *e.g., In re Livent Sec. Litig.*, 193 F. Supp. 2d 750, 754 (S.D.N.Y. 2002).

Significantly, this prohibition on indemnity claims attaches even on a showing of mere negligence under the 1933 Act. *Odette v. Shearson, Hammill & Co., Inc.*, 394 F. Supp. 946, 956 (S.D.N.Y. 1975) (finding that the *Globus* "court's statement of the public policy objections to indemnification of liabilities under the 1933 Act is broad enough to cover negligent misconduct"). Such requests for indemnification logically fail ***at the outset*** of an action (and therefore fail to serve as a basis for jurisdiction) because either the defendant will not be held liable in the action, "in which case there is no liability to indemnify; or he may be found liable to plaintiffs for securities violations," and then the indemnification agreement will be void as a matter of law. *Livent*, 193 F.

---

[15] Judge Savage acknowledged that Judge Cote had reached a different conclusion, but found that it was "bound by Third Circuit law which dictates a contrary result." *Id*. at 751 n.5.

Supp. 2d at 754-55 (citing *Gabriel Capital, L.P. v. NatWest Fin., Inc.*, 137 F. Supp. 2d 251, 268 (S.D.N.Y. 2000)).

Moreover, even assuming that defendants' potential indemnity claims are not void as against public policy, they are specifically disallowed under 11 U.S.C. §502(e)(1)(B) of the Bankruptcy Code.  Section 502(e)(1)(B) states that the bankruptcy court shall disallow any claim for reimbursement or contribution that "is contingent."  In other words, defendants must allow plaintiff here to perfect a judgment against them and pay it before they can turn to divine for remuneration. *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 987 (Bankr. S.D.N.Y. 1992).  "No payment can be made to a principal creditor [defendant] by one secondarily liable [divine] until liability has been determined."  *In re Pacor, Inc.* ("*Pacor II*"), 110 B.R. 686, 689 (E.D. Pa. 1990). This is because "the causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor could be liable."  *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988).  As such, defendants have "no right to share in the distribution of the debtor's assets until such time as the creditor's claim shall have been paid in full.'"  *Pacor II*, 110 B.R. at 690; *see also Greatamerican Fed. Sav. & Loan Ass'n v. Adcock Excavating, Inc.*, No. 89 C 3794, 1990 WL 51219, at *3 (N.D. Ill. Apr. 17, 1990) (indemnity claims disallowed unless obligation upon which contribution is sought has been paid); *In re Ecco D'Oro Food Corp.*, 249 B.R. 300, 302 (Bankr. N.D. Ill. 2000) (claim not allowed until underlying creditor is paid by party seeking contribution).

Finally, like the bankruptcy provisions listed above, the law under which they might claim contribution affirmatively requires that a judgment be entered against them before a contribution claim ripens.  15 U.S.C. §77k(f)(1) ("every person who becomes liable" could have a contribution claim under certain circumstances).  Prior to judgment, therefore, the defendants have only a "contingent, unliquidated claim" against divine for contribution and "the bankruptcy estate [will not] be affected until [this] action is tried."  *Nickum v. Brakegate, Ltd.*, 128 B.R. 648, 651 (C.D. Ill. 1991) (finding claims removed on a contribution theory not "related" to a bankruptcy proceeding for jurisdiction purposes) (citing *Kubly*, 818 F.2d at 645 (Easterbrook, J.)).  This contribution claim, therefore, would not pass muster for "related to" jurisdiction under the requirements of the Third Circuit *Pacor* test because "it is a mere precursor to the potential third party," the result "would in

- 16 -

no way bind" divine and because "it could not determine any rights, liabilities, or course of action." *Pacor*, 743 F.2d at 995; *In re Walker*, 51 F.3d 562 (5th Cir. 1995) (rejecting "related to" jurisdiction on contribution claim). Further, since divine "is not a party to [this] action, it could not be bound by res judicata or collateral estoppel." *Pacor*, 743 F.2d at 995.

Therefore, defendants are not entitled to indemnity from divine even if they are found to be liable to plaintiff in this action. Consequently, defendants' removal fails and this action should be remanded to state court.

### D.     Permissive Abstention Under 28 U.S.C. §1334(c) Is Appropriate

Even if this Court somehow finds that §22(a) does not trump §1452 and also finds that federal jurisdiction exists under the "related to" doctrine, the Court should still abstain from hearing the matter. Put bluntly, defendants' gamesmanship should not prevail over plaintiff's choice of forum. Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1).[16]

Although this provision does not provide specific factors to be considered, courts have developed a set of considerations to aid in the determination of whether abstention in this context is warranted:

> "(1) [T]he effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties."

---

[16] The legislative history provides that permissive abstention functions to "'insure that [bankruptcy jurisdiction] is exercised only when appropriate to the expeditious disposition of bankruptcy cases.'" *See RSA I*, 209 F. Supp. 2d at 1267 n.14.

*In re Demert & Dougherty, Inc.*, No. 98 B 38160, 2001 WL 1539063, at *9 (N.D. Ill. Nov. 30, 2001) (quoting *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993)).

The Seventh Circuit has stated that these factors should be applied "flexibly, for their relevance and importance ... vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Chicago*, 6 F.3d at 1189. In the interest of comity and justice, a number of courts in the Seventh Circuit have found permissive abstention appropriate. *See IMRF*, 2003 Dist. LEXIS 16255 at *9-*10; *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 774 (Bankr. N.D. Ill. 1993); *In re Chapman*, 132 B.R. 153, 159 (Bankr. N.D. Ill. 1991). Similarly, the court in *RSA II* found that an important factor favoring remand is when "related to" jurisdiction is "tenuous." *RSA II*, 285 B.R. at 531.

Under the circumstances presented here, this Court should follow *IMRF* and abstain under §1334(c). A number of factors weigh heavily in favor of permissive abstention.

First, under any circumstances, a plaintiff filing an individual securities action is entitled to have its forum selection given substantial deference and respect. *Auchinleck v. Town of LaGrange*, 167 F. Supp. 2d 1066, 1069 (E.D. Wis. 2001) (citing *Shamrock*, 313 U.S. at 104-07).

Second, as the court in *RSA I* held, another consideration is the

> legal uncertainty inherent in the procedural propriety of the Defendants' removal and the question of whether subject matter jurisdiction exists in this case.... As noted, the [Seventh] Circuit favors remand in situations where a court's subject matter jurisdiction is unclear. Furthermore, it is a long-standing principle of federal jurisdiction that because of the comity and federalism concerns attendant to the removal of cases from state courts, federal courts should remain ever-vigilant over the limits of their own jurisdiction.

209 F. Supp. 2d at 1269 (citing *Shamrock*, 313 U.S. at 108-09; *Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987) ("'Removal of civil cases to federal court is an infringement on state sovereignty.'")). In essence, where the "related to" jurisdiction is tenuous, permissive abstention is proper.

Finally, other factors also favor abstention including the lack of any jurisdictional basis other than 28 U.S.C. §1334; all of the parties are non-debtors; it is clear that the non-debtor defendants are forum-shopping; plaintiff would not be a party to any potential indemnity or contribution claims; the action does not involve the debtor or property of the bankruptcy estate and therefore will have

no effect on the administration of the estate; the burden on the bankruptcy court's docket; and finally, the absence of any per se bankruptcy issues. *See RSA I*, 209 F. Supp. 2d at 1260. Any argument by defendants that judicial economy would be served is not enough to override the comity concerns embodied in §1334(c)(1). *Id*. at 1265 (citing *Pacor*, 743 F.2d at 994).

In sum, this Court has sufficient grounds under §1334(c) to abstain from hearing this case under the "related to" doctrine.

### E.    Remand on Equitable Grounds Is Appropriate

28 U.S.C. §1452(b) provides that the court "to which a claim or cause of action has been removed may remand on 'any equitable ground.'" *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 14 (S.D.N.Y. 2002). The factors the courts consider when deciding to abstain are similar to factors under §1452(b).

"'[A]ny equitable ground'" in §1452(b) "signals that which is reasonable, fair, or appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124, 132-33 (1995). Courts in the Seventh Circuit have not hesitated to remand cases to state court when there are significant factors suggesting that remand would be equitable. *See IMRF*, 2003 U.S. Dist. LEXIS 16255 at *9-*10; *Brizzolara*, 158 B.R. at 772; *Chapman*, 132 B.R. at 159; *Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 868 (N.D. Ill. 1991).

Clearly, equity dictates that if the claimed basis for federal jurisdiction, §1452 "related to" jurisdiction, will be extinguished in a few months – long before this case will conclude – this case should be remanded. Further, specific congressional action (SLUSA) provided for individual plaintiffs to continue to pursue their §11 remedies in state court. Forcing plaintiff to litigate his claims in Massachusetts would defeat the legislative intent of allowing a plaintiff to sue in its own state on non-removable claims. Each of these factors suggest that plaintiff will be severely prejudiced if this case is not remanded to Illinois state court. Accordingly, equity alone warrants immediate remand. Other factors in favor of abstention under §1334(c) also apply and warrant remand on equitable grounds.

### III.    CONCLUSION

Defendants improperly removed this action to federal district court. For the foregoing

reasons, plaintiff respectfully requests the Court remand this action back to Illinois state court.

DATED: March 1, 2005                      Respectfully Submitted,


                                              s/ Marc M. Umeda
                                          _____
                                          Marc M. Umeda, admitted *Pro Hac Vice*
                                          Kelly M. McIntyre
                                          ROBBINS UMEDA & FINK, LLP
                                          610 West Ash Street, Suite 1800
                                          San Diego, CA 92101
                                          Telephone: 619/525-3990
                                          Facsimile:  615/525-3991

                                          Attorneys for Plaintiff

                                          Mary T. Sullivan, BBO #487130
                                          SEGAL ROITMAN & COLEMAN
                                          11 Beacon Street, Suite 500
                                          Boston, MA 02108
                                          Telephone: 617/742-0208
                                          Facsimile:  617/742-2187

                                          Local Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION** has been served on the parties on the attached Service List, via U.S. First- Class Mail, postage prepaid, on this 1st day of March, 2005.

s/ Marc M. Umeda

MARC M. UMEDA

Service List

Counsel for Plaintiffs

Marc M. Umeda
ROBBINS UMEDA & FINK LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

Patrick J. Sherlock
LAW OFFICE OF PATRICK J. SHERLOCK
11 South LaSalle Street, Suite 1600
Chicago, IL  60603
Telephone: 312/683-5575
Facsimile:  312/896-5784

Samuel H. Rudman
David A. Rosenfeld
LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

Howard T. Longman
STULL STULL & BRODY
Six East 45th Street
New York, NY 10017

Counsel for Defendants

Bruce S. Sperling
Thomas D. Brooks
Angie Chen
SPERLING & SLATER PC
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

Daniel J. Lyne
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
Telephone: 617/423-0400
Facsimile: 617/305-0663

Counsel for Andrew Filipowski

Mary T. Sullivan
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602

Robert D. Allison
LAW OFFICES OF ROBERT D. ALLISON
 & ASSOCIATES
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603

David Pastor
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: 781/231-7850
Facsimile: 781/231-7840

Samuel B. Isaacson
Joseph Collins
Lawrence A. Wojcik
DLA PIPER RUDNICK
   GRAY CARY US LLP
203 N. LaSalle Street, Suite 1800
Chicago, IL 60601
Telephone: 312/368-4000
Facsimile: 312/630-7385

Bruce S. Barnett
DLA PIPER RUDNICK
   GRAY CARY US LLP
One International Place
Boston, MA 02110
Telephone:  617/406-6002
Facsimile: 617/406-6102

Counsel for Michael P. Cullinane

Joel G. Chefitz
James E. Hanlon, Jr.
HOWREY SIMON ARNOLD & WHITE LLP
321 N. Clark Street, Suite 3400
Chicago, IL 60610
Telephone: 312/595-1348
Facsimile: 312/595-2250

Counsel for Paul Humenansky

John F. Hartmann
Michael A. Duffy
KIRKLAND & ELLIS LLP
AON Center
200 E. Randolph Drive
Chicago, IL 60601
Telephone: 312/861-2000
Facsimile: 312/861-2200

Kevin J. O'Connor
Mayeti Gametchu
PARAGON LAW GROUP LLP
184 High Street
Boston, MA 02110
Telephone: 617/399-7950
Facsimile: 617/399-7955

Counsel for Tommy Bennett, John Cooper,
James E. Cowie, Michael H. Forster, Arthur
W. Hahn, Thomas J. Meredith, J. Kevin Nater
and John Rau

G:\Divine\Motions - Opps\Motion to Remand - Mass\Reconsider
Remand Final.wpd