Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7670 | **DATE** | 10/7/2004 |
| **CASE TITLE** | Turner vs. Filipowski | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse side of this minute order, this matter is hereby transferred to the U.S. District Court for Massachusetts.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MW | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

We may transfer this case to the District of Massachusetts pursuant to 28 U.S.C. § 1412. The statute provides that "[a] district court may transfer a case or *proceeding* under title 11 to a district court for another district, in the *interest of justice* or for the convenience of the parties." 28 U.S.C. § 1412(emphasis added). A "proceeding" under title 11 may be a proceeding "arising under title 11," or "arising in" title 11, "or related to cases under title 11." 28 U.S.C. § 1334(b). *See also Independent Stationers, Inc. v. Vaughn*, 2000 WL 1449854, at *3 (S.D. Ind. 2000)(explaining the distinction between a "case" and a "proceeding" and the categories of "proceedings."). The parties contend that we cannot transfer this action pursuant to 28 U.S.C. § 1412, but cite no controlling precedent that prohibits such a transfer.

The instant action concerns the bankruptcy proceedings presently underway concerning divine Inc. ("divine") which is closely connected to the instant action. The Seventh Circuit has indicated that the phrase "related to" refers to controversies that "affect[] the amount of property available for distribution or the allocation of property among creditors." *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). In the instant action Defendants are former officers of divine that are charged for misconduct while holding their positions at divine. Defendants have informed the court that, pursuant to indemnification agreements, they can obtain under certain conditions indemnification from divine. Defendants have asserted that they have already filed indemnification claims in the bankruptcy court. Plaintiffs contend that if there is a finding in favor of Plaintiffs in the instant action, Defendants will necessarily forfeit any indemnification because of a clause limiting indemnification to situations where Defendants acted in good faith for the best interests of the corporation. Plaintiffs incorrectly argue that the issues to be resolved in regards to the claims in the instant action are synonymous with the issue of whether or not indemnification is warranted. Whether or not certain facts may support both issues one way or another does not render them synonymous. The issues are completely distinct and we will not assume that the determination on one of the issues necessitates a finding in regards to the other issue. In addition, Defendants have pointed out that some of divine's creditors will be pursuing the same assets Plaintiffs seek in the instant action because the creditors have indicated that they will bring claims against Defendants.

We also find that a transfer is in the interest of justice. *See Independent Stationers, Inc. v. Vaughn*, 2000 WL 1449854, at *2 (S.D. Ind. 2000)(stating that the convenience prong and interest of justice prong of § 1412 "is an either-or test, not a two-fold one" and that "[t]he decision to transfer is subject to the broad discretion of the district court."). The bankruptcy proceedings are ongoing in the District of Massachusetts. The transfer of the instant action would result in the most efficient use of judicial resources and the most expedient, and fair resolution of the claims at issue. Therefore, we order this matter to be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1412.