

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MIKE TURNER, On Behalf of Himself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, MICHAEL P. CULLINANE, PAUL L. HUMENANSKY, TOMMY BENNETT, JOHN COOPER, JAMES E. COWIE, MICHAEL H. FORSTER, ARTHUR W. HAHN, THOMAS J. MEREDITH, J. KEVIN NATER and JOHN RAU,<br><br>       Defendants. | Case No. 03 CH 7670 |

**PLAINTIFF'S MOTION TO REMAND OR TO ABSTAIN and
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF CONTENTS

INTRODUCTION .................................................................. 1

PROCEDURAL POSTURE ....................................................... 1

SUMMARY OF ARGUMENT .................................................... 2

ARGUMENT ....................................................................... 3

    I.    THE CASE SHOULD BE REMANDED AS A MATTER OF LAW ......... 3

        A.    The Case Should Be Remanded Because §22(a) Is the
            Controlling Statute ................................................... 3

        B.    The Case Should Be Remanded Because Defendants Do Not
            Have a Right to Indemnity .......................................... 5

    II.   THE CASE SHOULD BE REMANDED BECAUSE IT IS NOT "RELATED
        TO" THE DIVINE BANKRUPTCY PROCEEDINGS ...................... 6

    III.  THE CASE SHOULD BE REMANDED BECAUSE DEFENDANTS
        HAVE FAILED TO CLEARLY PROVE JURISDICTION
        AND ALL DOUBTS OVER ............................................... 11

        A.    The Case Should Be Remanded Under This Court's Power to Abstain
            Because Defendants Have Not Met Their Burden of Demonstrating that
            "Related-To" Jurisdiction Exists .................................. 11

        B.    Deference to State Courts and Plaintiff's Choice of Forum Require
            that the Case Be Remanded ...................................... 13

CONCLUSION ................................................................... 13

## TABLE OF AUTHORITIES

*Belcufine v. Aloe*,
    112 F.3d 633 (3d Cir. 1997) .................................................. 8

*Brizzolara v. Fisher Pen Co.*,
    158 B.R. 761 (Bankr. N.D. Ill. 1993) .......................................... 13

*Celotex Corp. v. Edwards*,
    514 U.S. 300 (1995) ....................................................... 2, 7

*Citicorp Sav. of Ill. v. Chapman*,
    132 B.R. 153 (Bankr. N.D. Ill. 1991) .......................................... 13

*City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*,
    No. CV-03-BE-0994-S, 2003 U.S. Dist. LEXIS 14066 ......................... 2, 8, 11

*Conn. Res. Recovery Auth. v. Lay*,
    292 B.R. 464 (D. Conn. 2003) .............................................. 2, 3, 13

*Gabriel Capital, L.P. v. NatWest Fin., Inc.*,
    137 F. Supp. 2d 251 (S.D.N.Y. 2000) .......................................... 6

*Globus v. Law Research Serv., Inc.*,
    418 F.2d 1276 (2d Cir. 1969) ................................................. 5

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ......................................................... 13

*Home Ins. Co. v. Cooper & Cooper, Ltd.*,
    889 F.2d 746 (7th Cir. 1989) ................................................. 9

*In re Brentano's, Inc.*,
    27 B.R. 90 (Bankr. S.D.N.Y. 1983) ........................................... 8

*In re Chicago, Milwaukee, St. Paul & Pac. R.R.*,
    6 F.3d 1184 (7th Cir. 1993) ................................................. 12

*In re Demert & Dougherty, Inc.*,
    No. 98 B 38160, 2001 U.S. Dist. LEXIS 19848 (N.D. Ill. Nov. 29, 2001) ........... 11

*In re Drexel Burnham Lambert Group, Inc.*,
    148 B.R. 982 (Bankr. S.D.N.Y. 1992) .......................................... 6

*In re Federal-Mogul Global, Inc.*,
    300 F.3d 368 (3d Cir. 2002) ............................................... 7, 8, 9

*In re Fedpak Sys.*,
    80 F.3d 207 (7th Cir. 1996) ................................................ 2, 9

*In re Kubly*,
    818 F.2d 643 (7th Cir. 1987) ................................................. 9

*In re Livent Sec. Litig.*,
    193 F. Supp. 2d 750 (S.D.N.Y. 2002) ........................................ 5, 6

*In re Pacor, Inc.*,
    110 B.R. 686 (E.D. Pa. 1990) .................................................. 6

*In re WorldCom, Inc. Securities Litigation*,
    293 B.R. 308 (S.D.N.Y. 2003) .................................................. 5

*Kinder v. Wis. Barge Line, Inc.*,
    69 B.R. 11 (E.D. Mo. 1986) .................................................... 3

*Linardos v. Fortuna*,
    157 F.3d 945 (2d Cir. 1998) ................................................... 3

*McRae v. Lykes Bros. S.S. Co.*,
    No. 98-3240, 1998 U.S. Dist. LEXIS 20132 (E.D. La. Dec. 21, 1998) ............. 3

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*,
    456 U.S. 353 (1982) ........................................................... 5

*Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.*,
    780 F.Supp. 885 (D. Conn. 1991) ............................................... 2

*Odette v. Shearson, Hammill & Co., Inc.*,
    394 F. Supp. 946 (S.D.N.Y. 1975) .............................................. 5

*Pacor, Inc. v. Higgins*,
    743 F.2d 984 (3d Cir. 1984) ............................................. passim

*Ret. Sys. of Alabama v. Merrill Lynch & Co.*,
    209 F. Supp. 2d 1257 (M.D. Ala. 2002) ......................................... 3

*Russell Corp. v. Am. Home Assur. Co.*,
    264 F.3d 1040 (11th Cir. 2001) ................................................ 2

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) .......................................................... 12

*Steel Workers Pension Trust v. Citigroup, Inc.*,
    295 B.R. 747 (E.D. Pa. 2003) ........................................... 7, 8, 9, 10

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
    No. 3:03-0128, 2003 U.S. Dist. LEXIS 10266 (M.D. Tenn. May 9, 2003) ........... 3

*Wilson v. Republic Iron & Steel Co.*,
    257 U.S. 92 (1921) ............................................................ 3

**STATUTES, RULES AND REGULATIONS**

    11 U.S.C.
        §502(e)(1)(B) ............................................................. 6

    15 U.S.C.
        §77p(b), (c) ............................................................. 4
        §77v(a) .................................................................. 4

28 U.S.C.
    §1334 .................................................. 11, 3, 11, 12
    §1452 .................................................. *passim*

8 Del. Code
    §145 ..................................................... 9, 10

## INTRODUCTION

This action was originally filed in the Circuit Court of Cook County, Illinois of behalf of Mike Turner as plaintiff in a securities class action against certain officers and directors of divine, inc. ("divine") for violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act") in connection with divine's October 2001 acquisition of eshare Communications ("eshare") and divine's July 2002 acquisition of Delano Corporation ("Delano") (hereinafter collectively referred to as the "Acquisitions").

Plaintiff's complaint alleges only strict liability and negligence claims concerning false and misleading statements of material fact and omissions of material facts in the Joint Registration Statements/Proxy Statements (collectively, the "Registration Statements") issued to the shareholders of Delano and eshare. Plaintiff seeks damages on behalf of himself and all similarly situated class members who were injured due to the purchase of divine securities issued pursuant to and traceable to the materially false and misleading Registration Statements utilized in connection with the Acquisitions. divine is not a party to this action.

## PROCEDURAL POSTURE

On October 29, 2003 Defendants removed this action to Federal Court purportedly pursuant to 28 U.S.C. §1452(a), the bankruptcy removal statute. Defendants contend that removal is valid because this action is "related to" divine's Title 11 bankruptcy proceeding styled *In re Divine, Inc., et al.*, Nos. 03-11472-JNF, 03-11474-JNF through 03-11478-JNF, and 03-12681-JNF through 03-12715-JNF (Bankr. D. Mass). Specifically, Defendants contend that this action is "related to" the divine bankruptcy because it gives rise to contribution or indemnity claims by Defendants against divine. However, §22(a) of the 1933 Act expressly prohibits removal of claims, such as Plaintiff has n this case, that fall within its purview.

This Court must therefore resolve the apparent conflict between the express non-removal provision of §22(a) for 1933 Act claims and §1452(a), the bankruptcy removal statute. If this Court does not find that §22(a) trumps the bankruptcy removal statute as a matter of law, it must determine if this litigation is "related to" divine's bankruptcy within the meaning of §1334(b), thereby determining the appropriate forum for this action.

1

## **SUMMARY OF ARGUMENT**

The case should be remanded as a matter of law for two reasons. First, removal is absolutely precluded by §22(a) of the 1933 Act. Second, Defendants simply do not have a right to indemnity. Absent the purported right to indemnity, there is no basis for jurisdiction and remand is required.

Even if this Court finds that remand is not required as a matter of law, remand is required under a "related to" jurisdictional analysis. Courts have recognized the seminal case of *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), and its progeny as having established the test for "related to" jurisdiction with subsequent decisions by various courts interpreting the scope of its application. Since its decision in *Pacor*, the Third Circuit has clarified its holding twice, providing unambiguous guidance on resolving the issue of "related to" jurisdiction and the apparent conflict between §1452(a) and §22(a) of the 1933 Act. The Supreme Court of the United States has even endorsed the *Pacor* decision. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) ("We agree with the views expressed by the Court of Appeals for the Third Circuit in *Pacor*...."). Analysis of *Pacor* demonstrates that there is no "related to" jurisdiction in this action, a finding which is consistent with the Seventh Circuit's "narrow" and "limited" application of "related to" jurisdiction as articulated in *In re Fedpak Sys.*, 80 F.3d 207 (7th Cir. 1996).

Finally, remand is required because this Court should exercise its power to abstain. Legal uncertainty regarding the propriety of Defendants' removal dictates remand under principles of comity for state courts, deference to plaintiff's choice of forum, and the closely proscribed jurisdictional limits of federal courts. "Any uncertainties as to federal jurisdiction 'are to be resolved in favor of remand.'" *City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*, No. CV-03-BE-0994-S, 2003 U.S. Dist. LEXIS 14066 at *5 (N.D. Ala. Aug. 12, 2003) (citing *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001));[1] *Conn. Res. Recovery Auth. v. Lay*, 292 B.R. 464, 469 (D. Conn. 2003) (citing *Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.*, 780 F.Supp. 885, 887 (D. Conn. 1991) (recognizing that "[o]n a motion to remand, the court construes all factual allegations in favor of the party seeking the remand")). Moreover, it is settled

---

[1] Here, as throughout, all citations are deemed omitted and all emphasis is deemed added unless otherwise stated.

2

law that Defendants have the burden of demonstrating that federal jurisdiction is established. *Conn. Res.*, 292 B.R. at 470 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *accord Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (recognizing that "[i]t is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction"). These principles of comity, deference and federal court's limited jurisdiction require that this action be remanded.

## ARGUMENT

### I. THE CASE SHOULD BE REMANDED AS A MATTER OF LAW

This case should be remanded as a matter of law for two reasons. First, §22(a) of the 1933 Act provides for "concurrent" state court jurisdiction of claims brought pursuant to the 1933 Act and expressly provides:

> [N]o case arising under this title and brought in any State court ... *shall be removed to any court of the United States.*

Second, Defendants' potential indemnity claims are unenforceable as a matter of law and are impermissibly "contingent" under the bankruptcy code.

#### A. The Case Should Be Remanded Because §22(a) Is the Controlling Statute

Although Defendants contend that removal was proper under 28 U.S.C. §1452(a), it is well established that when claims that might be removable under one provision of the federal removal statutory scheme are made expressly nonremoveable by another provision of the same statutory scheme, the express nonremoveability provision controls. *See Ret. Sys. of Alabama ("RSA") v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257 (M.D. Ala. 2002) (favoring remand where federal jurisdiction is not absolutely clear); *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 3:03-0128, 2003 U.S. Dist. LEXIS 10266, at *10 (M.D. Tenn. May 9, 2003) (holding that §22(a) of the 1933 Act is a "special statute" by virtue of the fact that it bars removal of certain, specific claims and therefore it controls over 28 U.S.C. §§1334(b) and 1452(a), which are "general" statutes); *see McRae v. Lykes Bros. S.S. Co.*, No. 98-3240, 1998 U.S. Dist. LEXIS 20132, at *4 (E.D. La. Dec. 21, 1998) (holding that the express non-removal provision of the Jones Act overrides a claim of "related to" jurisdiction under §1334 and therefore remand was proper); *accord Kinder v. Wis. Barge Line, Inc.*, 69 B.R. 11

3

(E.D. Mo. 1986) (holding that state court jurisdiction on a Jones Act claim takes precedent over federal court jurisdiction under §1452(a)). Thus, courts have found that an express statutory prohibition against removal, such as §22(a), is the controlling jurisdictional authority over a purportedly contrary statute which allows removal, such as §1452(a). Therefore, removal was improper and this case should be remanded.

Moreover, when Congress enacted the 1933 Act, the first of the federal securities laws to protect investors, Congress expressly authorized aggrieved investors to bring claims under the 1933 Act in either state or federal court. An investor's choice of forum was of paramount concern to Congress at the time. In fact, Congress expressly refused to allow Defendants to disturb a defrauded investors' choice of forum and specifically excepted 1933 Act claims from provisions allowing removal. Section 22(a) of the 1993 Act, at the time it was enacted, read as follows:

> [N]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. §77v(a). As the 1933 Act made clear, there were no exceptions for removal. *Id.* Damaged investors, including plaintiffs alleging claims under §§11 and 12, were entitled to file their lawsuits in state court and to have that choice of forum honored.

Sixty-five years later, Congress addressed the removal of claims brought under the 1933 Act. In 1998, 14 years *after* Congress enacted the bankruptcy removal statute, Congress enacted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") which curtailed securities class action suits in state courts but specifically continued to prohibit removal to federal court of individual actions alleging only 1933 Act claims. Congress amended the statute to add only one exception for certain class actions:

> *Except as provided in section 16(c)*, no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. §77v(a). Section 16(c) permits the removal of "class action[s] based upon the statutory or common law of any State." 15 U.S.C. §77p(b), (c).[2]

---

[2] In this case, Plaintiff has filed a complaint alleging only federal law claims. Therefore, since this action is not based on state law, §16(c) does not apply.

4

In *In re WorldCom, Inc. Securities Litigation*, 293 B.R. 308, 328-29 (S.D.N.Y. 2003), the court denied plaintiffs' remand motions by focusing on the fact that §1452 does not contain an exception for removal of 1933 Act claims. However, the court in that case ignored the fact that §22(a) not only existed prior to the passage of §1452, but *survived the passage of SLUSA* in 1998. There is no reason to believe Congress did not mean what it said when it originally made, and substantially kept, 1933 Act claims non-removable. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 381-82 (1982) (concluding that Congress' "comprehensive reexamination and significant amendment [to the commodities exchange act] ... is itself evidence that Congress affirmatively intended to preserve [the existing law]"). As the court correctly recognized in *Tennessee Consolidated Retirement System*, "*SLUSA, a 1998 statute amending the 1933 Act, is the relevant comparative statute* [when considering §1452(a)], not the original 1933 Act." 2003 U.S. Dist. LEXIS 10266 at *11 n.2.

In the instant case, this Court is faced with the same issue. Section 22(a) of the 1933 Act prohibits removal of claims brought under the 1933 Act. Relying on the non-removability of their 1933 Act claims, Plaintiff filed this action in state court, and his choice of forum should not be disturbed. Thus, the non-removal provision of the 1933 Act controls as a matter of law and the instant action should be remanded to state court.

### B. The Case Should Be Remanded Because Defendants Do Not Have a Right to Indemnity

Defendants are prohibited from obtaining indemnity because they have violated federal securities laws. *See Globus v. Law Research Serv., Inc.*, 418 F.2d 1276, 1288 (2d Cir. 1969) (finding that allowing such indemnification "would encourage flouting the policy of the common law and the Securities Act"). Indeed, there is a "long line of cases which hold that a defendant in a securities fraud action is prohibited from availing himself of indemnification." *See, e.g., In re Livent Sec. Litig.*, 193 F. Supp. 2d 750, 754 (S.D.N.Y. 2002).

Significantly, this prohibition on indemnity claims attaches even on a showing of mere negligence under the 1933 Act. *Odette v. Shearson, Hammill & Co., Inc.*, 394 F. Supp. 946, 956 (S.D.N.Y. 1975) (finding that the *Globus* "court's statement of the public policy objections to indemnification of liabilities under the 1933 Act is broad enough to cover negligent misconduct").

Such requests for indemnification logically fail *at the outset* of an action (and therefore fail to serve as a basis for jurisdiction) because either the defendant will not be held liable in the action, "in which case there is no liability to indemnify; or he may be found liable to plaintiffs for securities violations," and then the indemnification agreement will be void as a matter of law. *Livent*, 193 F. Supp. 2d at 754-55 (citing *Gabriel Capital, L.P. v. NatWest Fin., Inc.*, 137 F. Supp. 2d 251, 268 (S.D.N.Y. 2000)).

Moreover, even assuming that Defendants' potential indemnity claims are not void as against public policy, they are specifically disallowed under 11 U.S.C. §502(e)(1)(B) of the Bankruptcy Code. Section 502(e)(1)(B) states that the bankruptcy court shall disallow any claim for reimbursement or contribution that "is contingent." In other words, Defendants must allow Plaintiff here to perfect a judgment against them and pay it before they can turn to divine for remuneration. *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 982, 987 (Bankr. S.D.N.Y. 1992). "No payment can be made to a principal creditor [Defendant] by one secondarily liable [divine] until liability has been determined." *In re Pacor, Inc.*, 110 B.R. 686, 689 (E.D. Pa. 1990).

Therefore, Defendants are not entitled to indemnity from divine even if they are found to be liable to Plaintiff in this action. Consequently, Defendants' sole basis for arguing for removal fails and this action should be remanded to state court.

## II. THE CASE SHOULD BE REMANDED BECAUSE IT IS NOT "RELATED TO" THE DIVINE BANKRUPTCY PROCEEDINGS

Various federal courts have considered the very issue presented in this case: whether removal is appropriate under 28 U.S.C. §1452(a) when that statute appears to be in direct conflict with the express non-removal provision of §22(a) of the 1933 Act. Nearly every court that has considered the issue has begun its inquiry with an analysis of the *Pacor* decision.

Under *Pacor*, "related to" jurisdiction arises when the outcome of the purportedly related case "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994 (emphasis omitted). However, the *Pacor* court qualified this seemingly broad language by recognizing "[o]n the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [former] section 1471(b)." *Id.* The court also noted "[t]he jurisdiction of the bankruptcy

6

courts to hear cases related to bankruptcy is not without limit, however, and there is a statutory, and eventually constitutional, limitation to the power of a bankruptcy court." *Id.* The United States Supreme Court agrees, noting the general acceptance of *Pacor* and concurring with its finding that "a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Celotex*, 514 U.S. at 308.

*Pacor* involved a claim for damages by plaintiff Higgins arising out of work-related exposure to asbestos. *Pacor*, 743 F.2d at 986. Pacor, Inc. was an original named defendant and impleaded Johns-Manville Corporation who it claimed was the original manufacturer of the asbestos. *Id.* Johns-Manville subsequently filed chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. *Id.* The court in which the original action was filed eventually severed the Higgins-Pacor action from the Pacor-Manville action. *Id.* As the Higgins matter was approaching trial, Pacor filed a Petition for Removal seeking to remove the entire Higgins-Pacor-Manville controversy to federal bankruptcy court. *Id.*

The District Court, finding that the Higgins action was not "related to" the Manville bankruptcy despite Pacor's potential claim for indemnity from Manville, remanded the case to state court. *Id.* at 995. The Third Circuit Court of Appeals affirmed the District Court's ruling on the grounds that a judgment against Pacor in the Higgins action "could not give rise to any *automatic liability* on the part of the [Manville] estate." *Id.* The court reasoned:

> At best, one could say that a judgment against the plaintiff on the primary claim would make absolutely certain that the Manville estate could never be adversely affected. *This does not prove the converse, however, that a judgment in favor of the plaintiff Higgins necessarily does affect the estate.*

*Id.* The Third Circuit also pointed out that (1) judicial economy does not justify federal jurisdiction; and (2) since Manville was not a party to the Higgins-Pacor lawsuit, it could not be bound by *res judicata* or collateral estoppel; Manville would still be entitled to litigate any issue in response to a claim by Pacor. *Id.*

Recently, the Third Circuit clarified its *Pacor* decision in *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3d Cir. 2002). The *Pacor* test for "related to" jurisdiction was in turn clarified further by the United States District Court for the Eastern District of Pennsylvania, which is within the Third Circuit, in the matter of *Steel Workers Pension Trust v. Citigroup, Inc.*, 295 B.R. 747 (E.D. Pa. 2003). Noting that defendants in similar subsequent cases had clung to the language of *Pacor* that

7

"related to" jurisdiction is proper when "'the outcome of [the related] proceeding could *conceivably* have *any effect* on the estate being administered in bankruptcy,'" the court in *Federal-Mogul* wrote:

> Their reading of the word "conceivable" ignores the precise holding of *Pacor* where, despite the seemingly broad language of the opinion, we found no "related to" jurisdiction for the Higgins lawsuit against Pacor because the outcome of that lawsuit could not result "in even a contingent claim" against the debtor (Manville); rather, "*an entirely separate proceeding to receive indemnification*" *would have been required.*

*Federal-Mogul*, 300 F.3d at 381-82. The court continued:

> The test articulated in *Pacor* for whether a lawsuit could "conceivably" have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding *without the intervention of yet another lawsuit.*

*Id.*

Further clarifying the rule for finding "related to" jurisdiction as promulgated in *Pacor* and clarified in *Federal-Mogul*, the court in *Steel Workers* emphatically stated:

> If there was any doubt about the application of the *Pacor* test, it was dispelled in *Federal-Mogul* when the Third Circuit rejected the implication that indemnification agreements *a fortiori* established "related to" jurisdiction.

*Steel Workers*, 295 B.R. at 752. The court echoed the *Pacor* and *Federal-Mogul* holdings, reiterating:

> Where the right to indemnification is *contingent on a factual finding* in the action not involving the bankruptcy debtor and requires the commencement of another lawsuit to establish that right, there is no effect on the bankrupt estate.

*Id.* at 750; *accord City of Birmingham*, 2003 U.S. Dist. LEXIS 14066 at *14 (holding that "[u]ntil defendants actually file suit and obtain a favorable judgment, the potential indemnity claims against WorldCom have *no effect* on the bankruptcy estate").

The *Steel Workers* court distinguished the two cases upon which the defendants in that case relied (which found "related to" jurisdiction) on the grounds that both cases involved defendants whose claims for indemnity arose "*automatically*" and "*immediately* upon the filing of the lawsuit against the party entitled to indemnification from the bankruptcy estate." 295 B.R. at 751. Specifically, the *Steel Workers* court distinguished *Belcufine v. Aloe*, 112 F.3d 633 (3d Cir. 1997), on the grounds that the indemnification agreement in that case provided for indemnification *regardless of liability* and *In re Brentano's, Inc.*, 27 B.R. 90 (Bankr. S.D.N.Y. 1983), on the grounds that the guarantee agreement at issue which was executed in lieu of a security deposit and which was

8

made in connection with a lease created a right to indemnity *automatically*. 295 B.R. at 751-52. Therefore, the court held, "because the bankrupt debtor's indemnification liability was *immediate*, the bankruptcy estate was effected and gave rise to 'related to' jurisdiction." *Id.* at 752-53.

The Seventh Circuit Court of Appeals addressed this issue in *Fedpak*, with the same result. Consistent with both *Federal-Mogul* and *Steel Workers*, the Seventh Circuit adopted a far more limited application of the "related to" test than the original broad language in *Pacor*. "We have interpreted 'related to' jurisdiction narrowly 'out of respect for Article III'... as well as to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts." *Fedpak*, 80 F.3d at 214 (citing *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989); *In re Kubly*, 818 F.2d 643, 645 (7th Cir. 1987) ("the 'limited jurisdiction' of the bankruptcy court 'may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute'")).

The Seventh Circuit recognized that "related to" jurisdiction can only exist when the dispute at issue affects the amount of property in the bankruptcy estate. *Fedpak*, 80 F.3d at 213-14. Finding that the outcome of the litigation at issue in *Fedpak* would only create a "hypothetical" or "speculative" affect on the bankruptcy estate, the court wrote:

> *It is by no means certain* that an order clarifying the respective rights of Polar Express and Jones will have any effect whatsoever on the bankruptcy estate.

*Id.* at 214.

In the instant action, Defendants' right to indemnity did not arise automatically upon the filing of this action. Rather, indemnity is contingent upon factual determinations of their right to be indemnified. Specifically, the indemnification agreement in this case requires, *inter alia*, a finding that the Defendants acted in "good faith," Article XII, ¶1, and only "if it shall ultimately be determined" that they are in fact "entitled to be indemnified by the Corporation," under Article XII. Article XII, ¶4. Consequently, the affect on the bankruptcy estate is only "hypothetical," "speculative" and "is by no means certain" under the holding of *Fedpak*. Consequently, "related to" jurisdiction does not exist in this case.

Moreover, as a Delaware corporation, divine's power to indemnify Defendants is governed by 8 Del. Code §145, which also conditions indemnification on factual findings. Like the divine Articles, §145 requires as a prerequisite to indemnification that the Defendants prove they acted in

9

good faith and that they did not act contrary to the best interests of the corporation. 8 Del. Code §145(a)-(d). Importantly, §145 explicitly provides, as do the Articles, that the outcome of the action which gives rise to the claim for indemnity does not create a presumption or conclusively determine whether or not these conditions have been satisfied. 8 Del. Code §145(a)-(d); Articles, ¶1. In fact, §145(d) reads:

> Any indemnification ... shall be made by the corporation only as authorized in the specific case *upon a determination* that indemnification of the present or former director, officer, employee or agent is *proper in the circumstances because the person has met the applicable standard of conduct* ....

8 Del. Code §145(d).

Therefore, Defendants must demonstrate that they are not simply "hypothetically" entitled to indemnification. By the plain language of the Articles and §145, indemnification is contingent and therefore merely hypothetical. In order for Defendants to show otherwise, their right to indemnification must have accrued immediately upon the filing of this action regardless of whether they acted in bad faith or contrary to the best interests of divine. The plain language of both the indemnity agreement and §145 clearly does not provide for indemnity if Defendants are found to have acted in bad faith or if other circumstances cause Defendants to fall outside of the purview of the agreement. In other words, the indemnity agreement clearly allows divine to deny Defendants indemnification under certain circumstances. As such, Defendants' right to indemnification is only hypothetical; it is contingent upon the outcome of an entirely separate proceeding that must make such a determination in order for those purported rights to vest.

Directly on point is the finding in *Steel Workers* in which the court examined the applicable indemnity agreement. In finding that the debtor agreed to indemnify the defendants in that case "*only if certain conditions are satisfied*," the *Steel Workers* court held there was no federal jurisdiction. *Steel Workers*, 295 B.R. at 753. The same analysis holds true in the instant case. Defendants may be indemnified only following a subsequent separate proceeding which determines whether Defendants satisfied the conditions precedent to their right to indemnification. Thus, this case should be remanded to state court because it is not "related to" the divine bankruptcy proceedings.

### III. THE CASE SHOULD BE REMANDED BECAUSE DEFENDANTS HAVE FAILED TO CLEARLY PROVE JURISDICTION AND ALL DOUBTS OVER JURISDICTION MUST BE DECIDED IN FAVOR OF REMAND

Even if this Court finds that §22(a) of the 1933 Act does not trump §1452(a), and even if this Court finds that there is "related to" jurisdiction under the facts of this case, it should nevertheless remand pursuant to its authority to permissively abstain. The split in authority over the breadth of "related to" jurisdiction requires this Court to engage in an analysis of (1) principles of equity and fairness raised by this case; and (2) where and to whom jurisdictional deference should be extended. *See In re Demert & Dougherty, Inc.*, No. 98 B 38160, 2001 U.S. Dist. LEXIS 19848 (N.D. Ill. Nov. 29, 2001); *RSA*, 209 F. Supp. 2d 1257; *City of Birmingham*, 2003 U.S. Dist. LEXIS 14066. Because these considerations clearly tilt in favor of Plaintiff, this Court should exercise its authority to abstain under 28 U.S.C. §1334(c)(1).

#### A. The Case Should Be Remanded Under This Court's Power to Abstain Because Defendants Have Not Met Their Burden of Demonstrating that "Related-To" Jurisdiction Exists

Section 1334(c)(1) provides in pertinent part:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Courts which have interpreted this statute have devised a number of considerations to aid in the determination of whether abstention is warranted in a particular case. They include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy courts, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing sate law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Demert & Dougherty*, 2001 U.S. Dist. LEXIS 19848 at *27-*28. *See also RSA*, 209 F. Supp. 2d at 1267-68. The Seventh Circuit has stated that these factors should be applied "flexibly, for their relevance and importance ... vary with the particular circumstances of each case, and no one factor

11

is necessarily determinative." *In re Chicago, Milwaukee, St. Paul & Pac. R.R.*, 6 F.3d 1184, 1189 (7th Cir. 1993).

Remanding the case based upon its ability to permissively abstain, the court in *RSA* reasoned that the case was, "*at best* somewhere on the margin of federal jurisdiction, and therefore comity and respect for state law militate in favor of abstention under §1334(c)(1)." *RSA*, 209 F. Supp. 2d at 1269. The *RSA* court reasoned that "the *legal uncertainty* inherent in the procedural propriety of the defendant's removal and the question of whether subject matter jurisdiction exists in this case" required remand. *Id.* In addition to the "legal uncertainty" of the removal, the court in *RSA* found compelling the fact that there was no other jurisdictional basis for removal other than §§1452 and 1334(b) in reaching its conclusion that remand was appropriate under their power of permissive abstention. *Id.* at 1268. The same circumstances exist here. Defendants concede in their Notice of Removal that the only bases for removal are §§1452(a) and 1334(b).

In this action, the facts mandate remand in light of the entirety of factors this Court should consider in determining whether abstention is appropriate. Remand will not affect the efficient administration of the bankruptcy estate because Defendants are not currently entitled to indemnity and their right to indemnity is, in any case, speculative at best (factor number 1, above); any purported bankruptcy issues presented by this action are hypothetical and tangential (factor number 2); this case does not present any new or novel issue of law - it is not atypical of other securities class action cases (factor number 3); the only basis for removal is Defendants' claim that they have a right to indemnity which will purportedly have an affect on the bankruptcy estate (factor number 5); it presents only an attenuated relationship (at best) to the bankruptcy proceedings (factor number 6); Plaintiff's claims are non-core (factor number 7); and, importantly, removal was a blatant attempt at forum shopping by the removing Defendants (factor number 10).

    B.    Deference to State Courts and Plaintiff's Choice of Forum Require that the Case Be Remanded

Applying "related to" jurisdiction too broadly raises the specter of federalism. Citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), the court in *RSA* acknowledged the concern of federal court jurisdiction becoming too expansive:

12

> Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the *strict construction of such legislation.*

*RSA*, 209 F. Supp. 2d at 1269. The Seventh Circuit has also recognized this concern, invoking its power of permissive abstention in the interest of comity and justice. *See, e.g., Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 774 (Bankr. N.D. Ill. 1993); *Citicorp Sav. of Ill. v. Chapman*, 132 B.R. 153, 159 (Bankr. N.D. Ill. 1991).

Moreover, deference should also be given to Plaintiff's choice of forum. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Conn. Res.*, 292 B.R. at 470 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Accordingly, when there is any doubt regarding jurisdiction, courts should give deference to the jurisdiction of state courts and plaintiff's choice of forum. Thus, with deference to both the jurisdiction of state courts as well as to Plaintiff's choice of forum, the equities lay heavily in favor of remand.

## CONCLUSION

Defendants improperly removed this state court action to federal district court. The case should be remanded on three primary grounds: (1) removal is expressly precluded by statute; (2) it is not "related to" the divine bankruptcy proceedings; and (3) comity, deference and legislative intent require it. Therefore, Plaintiff respectfully requests that his action be remanded.

DATED: November 26, 2003

Respectfully submitted,

LAW OFFICE OF PATRICK J. SHERLOCK
PATRICK J. SHERLOCK

_____
PATRICK J. SHERLOCK

11 South LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: 312/683-5575

13

ROBBINS UMEDA & FINK, LLP
1010 Second Ave., Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 615/525-3991

Attorneys for Plaintiff

C:\WINNT\Profiles\psherlock.000\Temporary Internet Files\OLK18\Turner Remand.wpd