IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIKE TURNER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW J. FILIPOWSKI, MICHAEL P. CULLINANE, PAUL L. HUMENANSKY, TOMMY BENNETT, JOHN COOPER, JAMES E. COWIE, MICHAEL H. FORSTER, ARTHUR W. HAHN, THOMAS J. MEREDITH, J. KEVIN NATER and JOHN RAU,<br><br>Defendants. | Case No. 04-12294-PBS<br><br>Judge Saris |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION OF REMAND**

Plaintiff hereby respectfully submits this reply in support of his request that this Court "reconsider" the motion to remand this action back to Illinois state court. Plaintiff respectfully uses the term "reconsider" as that was the term discussed during the status conference with the Court on January 19, 2005 regarding the filing of this motion.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), plaintiff Turner hereby respectfully requests oral argument on this matter.

**I.    INTRODUCTION**

As plaintiff previously pointed out, and contrary to defendants' contentions, the remand issue that is before this Court was not decided by the Illinois court. Specifically, the Illinois court Order

- 1 -

transferring this action to the District of Massachusetts ("Order") did not rule on the remand motion, as it did not address or even discuss the remand issue, but instead only determined the issue of transferability. Accordingly, plaintiff has rightfully raised the issue of remand with this Court.

Plaintiff is entitled to remand back to Illinois state court because the plain language of Section 22(a) of the Securities Act of 1933 ("1933 Act") states that such claims, when filed alone, are not removable and thus trumps the "related to" bankruptcy removal statute, 28 U.S.C. §1452(a). Even if Section 22(a) of the 1933 Act did not trump the bankruptcy statute, plaintiff's claims are not "related to" the bankruptcy.

Defendants' assertions to the contrary are specious. Interestingly, defendants spend two-thirds of their brief seeking to find a procedural reason to deny remand, discussing the "law of the case doctrine" and federal rules. However, both of these issues are inapplicable, as plaintiff was simply following this Court's recommendation on how to proceed and have his remand addressed. When defendants do finally address the merits of a remand, they misapply controlling law and partake in "forum searching" for cases that fit their ill-suited assertions. None of these weak arguments are persuasive. Therefore, this case should be remanded back to Illinois state court.

## II.   ARGUMENT

### A.   The Issue of Remand Has Never Been Decided

Despite being fully aware that the issue of remand has never been ruled on in this case, defendants mischaracterize plaintiff's request as trying to take a "second bite at the apple." Def. Mem. at 5.[1] However, the Order by Judge Der-Yeghiayan, which defendants claim ruled on the remand issue, only addresses the issue of transferability. *See* Order. Any characterization otherwise is simply wrong.

During the status conference held with this Court on January 19, 2005, counsel for plaintiff requested that this Court allow briefing on the remand issue. As defendants are fully aware, the "reconsideration" motion is a result of this request and is only styled as a motion for "reconsideration" because that is the term used when this Court ordered briefing on the remand

---

[1] All references to "Def. Mem. at __" refer to Defendants' Response to Plaintiff's Motion For Reconsideration of Remand.

issue. Yet, defendants devote a substantial portion of their response on the standards for "reconsideration." However, the issue before this Court is not what name plaintiff gave his motion. Rather, the issue is whether or not this case should be remanded back to Illinois state court. It follows that the standard that applies to this motion is the standard for remand. Thus, any argument put forth by the defendants concerning the standard for, or appropriateness of, "reconsideration" is wholly disingenuous and completely misses the mark.

**B.    The Law of the Case and Fed. R. Civ. P. 59 and 60 Do Not Apply**

Defendants belabor the fact that plaintiff's motion does not specify the rule that governs the instant motion to reconsider. Defendants posit that reconsideration is not appropriate under Rules 59 and 60. Def. Mem. at 4-6. However, it is clear by their respective titles that these Rules are inapplicable on their face. Rule 59(e) ("Motion to Alter or Amend a Judgement") and Rule 60(b) ("Motion for Relief from Judgement or Order") both deal with relief from an order or judgement concerning a specific issue. As Judge Der-Yeghiayan never ruled on the issue of remand, plaintiff does not seek relief from any judgment or order. Nor does plaintiff seek to modify any judgment or order. Plaintiff simply seeks a ruling on the issue of remand and merely styled the motion as one to reconsider based on this Court's use of that language.

Similarly, defendants' discussion of the law of the case doctrine is inapposite because the issue of remand "was never decided by the district court." *Abbadessa v. Moore Bus. Forms, Inc.*, 987 F.2d 18, 22-23 (1st Cir.1993); Def. Mem. at 3-4. Plaintiff agrees that a ruling made at one stage of litigation is controlling throughout the litigation. *Ellis v. United States*, 313 F.3d 636, 646 (1st Cir. 2002), *cert. denied*, 540 U.S. 839 (2003). However, when no ruling has ever been made, the law of the case doctrine clearly cannot apply. *See Abbadessa*, 987 F.2d at 23 (recognizing that law of the case doctrine does not apply to an issue that was never ruled on).

**C.    Illinois Law Controls the Determination of Remand**

In accordance with Illinois law, removal was improper and this case should be immediately remanded back to Illinois state court and decisions outside of Illinois bear little weight in this determination. As previously noted, and as defendants do not dispute, this Court must follow Illinois law in deciding this motion because in cases "where the defendants seek transfer, the

transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Defendants' attempts to have the Second Circuit and other opinions prevail is misplaced.

      **D.**      **The Controlling Law Supports Remanding this Action to Illinois State Court**

Plaintiff already pointed out the controlling law in determining this motion for remand, as set forth in the case of *Ill. Mun. Ret. Fund v. Citigroup, Inc.* ("*IMRF*"), No. 03-465-GPM, 2003 U.S. Dist. LEXIS 16255 (S.D. Ill. Sept. 9, 2003), which established that the express non-removability provision for 1933 Act claims trumps §1452, the bankruptcy removal statute. In the face of this decision, defendants assert that *IMRF* is trumped by the "Northern District's more recent [non-existent Judge Der-Yeghiayan's] decision to deny Plaintiff's motion to remand." Def. Mem. at 9. However, as the Order clearly establishes, Judge Der-Yeghiayan did not decide the remand issue. *See* Order. Thus, in accordance with *IMRF*, remand is proper.

Likewise, contrary to defendants' contentions, plaintiff was in no way trying to mislead the Court regarding other decisions outside of Illinois. In fact, it is defendants who cite as controlling law decisions from the Second Circuit, New York, California, and New Mexico, the majority of which involved WorldCom. However, as none of defendants' cases are from the Seventh Circuit, each case is distinguishable on its face. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004), *cert. denied*, 125 S. Ct. 862 (2005) (affirming *In re WorldCom, Inc., Sec. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003)); *In re Global Crossings, Ltd. Sec. Litig.*, No. 02 Civ. 910, 2003 WL 21659360 (S.D.N.Y. July 15, 2003) (not surprisingly, a New York case, bound by New York precedent and gave deference to the holding in *WorldCom*, 293 B.R. 308); *In re Adelphia Communications Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529, 2003 WL 23018802 (S.D.N.Y. Dec. 23, 2003) (followed *WorldCom, Global Crossings* and the Second Circuit); *Carpenters Pension Trust for S. Cal. v. Ebbers*, 299 B.R. 610, 613-14 (C.D. Cal. 2003) (WorldCom related case and the California court followed the Ninth Circuit which "views 'related to' jurisdiction broadly" and noted that "District courts have taken three different approaches when considering the conflicting language of section 22(a) and section 1452"); *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, No. 03-813GLT(ANX), 2003 WL 22025158 (C.D. Cal. June 30, 2003) (WorldCom related case, followed


Ninth Circuit and denied remand and granted stay pending Multidistrict Litigation Panel decision); *New Mexico State Inv. Council v. Alexander*, 317 BR. 440, 444-45 (D.N.M. 2004) (Worldcom related case noted that "District courts have taken three different approaches when considering the conflicting language of §22(a) and §1452" and the holding did not address the remand motion on the merits, because "in order to decide the instant remand motion, the Court would have to rule on the 'related to' jurisdiction as well as resolve the conflict between §22 and §1452. Both of these jurisdictional issues are legally complicated and the 'related to' question, ... is also factually complex." The Court instead granted the motion to stay pending a decision by the Multidistrict Litigation Panel, in order to promote judicial economy and avoid inconsistent rulings.). As each of these cases do not apply Illinois law to the remand issue, they miss their mark.

Further, defendants would have this Court believe that the *IMRF* decision focused on the fact that the case concerned a state pension plan. Def. Mem. at 9. This is nowhere near correct. After establishing that the "Seventh Circuit had identified numerous factors to be considered" and "the foregoing factors favor remand," the *IMRF* court stated that Illinois "has an interest in resolving matters concerning state pension funds." *IMRF*, 2003 U.S. Dist. LEXIS 16255 at *8-*9. Clearly, this factor was not compelling to the *IMRF* court. Moreover, just as Illinois courts have an interest in protecting state pension funds, Illinois also has an interest in bringing to justice defendants who do wrong while conducting business within her state. Lastly, the *IMRF* Appellate decision affirming the District Court decision also discusses the reasons that remand was ordered and cites to the District Court case, without even mentioning that the matter involved a pension plan. *Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 848 (7th Cir. 2004).[2]

---

[2] "On September 9, 2003, although acknowledging Judge Cote's contrary decision and the JPML's conditional transfer order, the district court remanded this action to Illinois state court. The court found that the 1933 Act bars removal but that its language conflicts with §1452(a). It resolved this conflict by concluding that 'the rules of statutory construction require [the 1933 Act] to control over the more general provisions of 28 U.S.C. §§1334(b) and 1452' and that 'the only way to give effect to the legislative intent behind its enactment is to construe it as a bar to removal even under these circumstances.' The district court further held that even if the 1933 Act did not bar removal, the claims were 'not "related to" the WorldCom bankruptcy and cannot be removed under Section 1452,' and also that 'remand is appropriate pursuant to the doctrines of permissive abstention and equitable remand' under §§1334(c)(1) and 1452(b). The court denied appellants' motion to stay proceedings pending the final transfer decision of the JPML and granted the IMRF's motion to remand or abstain. On October 9, 2003, appellants filed a notice of appeal." *Id*. (citations omitted).

Similarly, defendants look to *Retirement Systems of Alabama v. Merrill Lynch & Co.* ("*RSA*"), 209 F. Supp. 2d 1257 (M.D. Ala. 2002), and assert that a quote from one sentence (regarding a single consideration) in a multi-part analysis, is the holding of the case. Def. Mem. at 9. If defendants had read beyond their one sentence quote they would have gleaned the following:

> The *second* consideration .... As noted, the Eleventh Circuit favors remand in situations where a court's subject matter jurisdiction is unclear. Furthermore, it is a long-standing principle of federal jurisdiction that because of the comity and federalism concerns attendant to the removal of cases from state courts, federal courts should remain ever-vigilant over limits of their own jurisdiction.
>
> * * *
>
> Given the attenuated connection between this case and the Enron bankruptcy ... [the court] should abstain .... Therefore, the case will be remanded....

*RSA*, 209 F. Supp. 2d at 1269, 1270. Therefore, simply because the present action does not involve a pension fund, it neither renders plaintiff's citations inapposite nor creates a "critical distinction" as defendants would have this Court believe. Def. Mem. at 9. Accordingly, this case should be remanded back to Illinois state court.

### E.    Bankruptcy Developments Bear No Weight in Deciding Remand

As the express non-removability provision for 1933 Act claims trumps §1452, *IMRF*, 2003 U.S. Dist. LEXIS 16255, remand is appropriate and no further analysis is required. Moreover, for purposes of remand, any "developments in the bankruptcy proceedings" bear no weight in determining the issue of remand. Defendants' assertions to the contrary are meaningless. Def. Mem at 6-7. Defendants' cite to the Order is also misplaced, since the Order simply noted that "Defendants have pointed out that some of divine's creditors will be pursuing the same assets Plaintiffs seek in the instant action because the creditors have indicated they will bring claims against Defendants." Order; Def. Mem at 7. Likewise, to assert that these "developments" and "expected claims" have come to fruition, and yet only three of eleven defendants were named in the suit brought by the creditors, is misleading at best. Therefore, even if "related to" jurisdiction somehow trumps the express non-removability provision of the 1933 Act, remand is proper as this action is not "related to" the bankruptcy of non-defendant divine. This is because defendants' potential indemnification and contribution claims, even if not subordinated in bankruptcy, would require separate legal action and they will have no effect, conceivable or otherwise, on divine's

estate. Therefore, as previously addressed in plaintiff's moving papers, this case should also be remanded to state court because it is not "related to" the divine bankruptcy proceedings. *See, e.g.,* *IMRF*, 2003 Dist. LEXIS 16255 at *7.

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court remand this action back to Illinois state court.

DATED: March 24, 2005                                             Respectfully Submitted,

                                                                                   s/ Marc M. Umeda
                                                                                   _____
                                                                                   Marc M. Umeda, admitted *Pro Hac Vice*
                                                                                   Kelly M. McIntyre
                                                                                   ROBBINS UMEDA & FINK, LLP
                                                                                   610 West Ash Street, Suite 1800
                                                                                   San Diego, CA 92101
                                                                                   Telephone: 619/525-3990
                                                                                   Facsimile:  615/525-3991

                                                                                   Patrick J. Sherlock
                                                                                   LAW OFFICE OF PATRICK J. SHERLOCK
                                                                                   11 South LaSalle Street, Suite 1600
                                                                                   Chicago, IL  60603
                                                                                   Telephone: 312/683-5575
                                                                                   Facsimile:  312/896-5784

                                                                                   Counsel for Plaintiff

                                                                                   Mary T. Sullivan, BBO #487130
                                                                                   SEGAL ROITMAN & COLEMAN
                                                                                   11 Beacon Street, Suite 500
                                                                                   Boston, MA 02108
                                                                                   Telephone: 617/742-0208
                                                                                   Facsimile:  617/742-2187

                                                                                   Local Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF REMAND** has been served on the parties on the attached Service List, via U.S. First- Class Mail, postage prepaid, on this 24th day of March, 2005.

<div style="text-align:right">

s/ Marc M. Umeda
_____
MARC M. UMEDA

</div>

Service List

Counsel for Plaintiffs

Marc M. Umeda
ROBBINS UMEDA & FINK LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

Patrick J. Sherlock
LAW OFFICE OF PATRICK J. SHERLOCK
11 South LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone: 312/683-5575
Facsimile: 312/896-5784

Samuel H. Rudman
David A. Rosenfeld
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602

Robert D. Allison
LAW OFFICES OF ROBERT D. ALLISON
 & ASSOCIATES
122 S. Michigan Avenue, Suite 1850
Chicago, IL 60603

Bruce S. Sperling
Thomas D. Brooks
Angie Chen
SPERLING & SLATER PC
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

Daniel J. Lyne
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
Telephone: 617/423-0400
Facsimile: 617/305-0663

Counsel for Andrew Filipowski

Mary T. Sullivan
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Howard T. Longman
STULL STULL & BRODY
Six East 45th Street
New York, NY 10017

David Pastor
GILMAN AND PASTOR, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone: 781/231-7850
Facsimile: 781/231-7840

Counsel for Defendants

Samuel B. Isaacson
Joseph Collins
Lawrence A. Wojcik
DLA PIPER RUDNICK
  GRAY CARY US LLP
203 N. LaSalle Street, Suite 1800
Chicago, IL 60601
Telephone: 312/368-4000
Facsimile: 312/630-7385

Bruce S. Barnett
DLA PIPER RUDNICK
  GRAY CARY US LLP
One International Place
Boston, MA 02110
Telephone: 617/406-6002
Facsimile: 617/406-6102

Counsel for Michael P. Cullinane

Joel G. Chefitz
James E. Hanlon, Jr.
HOWREY SIMON ARNOLD & WHITE LLP
321 N. Clark Street, Suite 3400
Chicago, IL 60610
Telephone: 312/595-1348
Facsimile: 312/595-2250

Counsel for Paul Humenansky

John F. Hartmann
Michael A. Duffy
KIRKLAND & ELLIS LLP
AON Center
200 E. Randolph Drive
Chicago, IL 60601
Telephone: 312/861-2000
Facsimile: 312/861-2200

Kevin J. O'Connor
Mayeti Gametchu
PARAGON LAW GROUP LLP
184 High Street
Boston, MA 02110
Telephone: 617/399-7950
Facsimile: 617/399-7955

Counsel for Tommy Bennett, John Cooper, James E. Cowie, Michael H. Forster, Arthur W. Hahn, Thomas J. Meredith, J. Kevin Nater and John Rau

G:\Divine\Motions - Opps\Motion to Remand - Mass\REPLY Reconsider Remand Final.wpd